EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Fernando Pérez Quiles<br><br>Recurrido<br><br>v.<br><br>Joseph Santiago Cintrón<br><br>Peticionario | Certiorari<br><br>2021 TSPR 22<br><br>206 DPR ____ |

Número del Caso: CC-2020-3

Fecha: 26 de febrero de 2021

Tribunal de Apelaciones:

    Panel V

Abogados de la parte peticionaria:

    Lcdo. Christian J. Francis Martínez
    Lcda. Paola M. Martínez Avilés

Materia: Derecho Procesal Civil - El término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, sin ninguna otra condición o requisito, una vez la Secretaría del tribunal expida el emplazamiento.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fernando Pérez Quiles

    Recurrido

        v.               **CC-2020-0003**     Certiorari

Joseph Santiago Cintrón

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 26 de febrero de 2021

    Este caso nos presenta la oportunidad de aclarar cuándo comienza a decursar el término de 120 días para diligenciar un emplazamiento, ante el escenario particular en que la Secretaría del tribunal no lo expida el mismo día en que se presentó la demanda.

    Al amparo de los casos <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637 (2018), y <u>Sánchez Ruiz v. Higuera Pérez</u>, 2020 TSPR 11, resolvemos que el término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, **sin ninguna otra condición o requisito**, una vez la Secretaría del tribunal expida el emplazamiento.

I

El 22 de octubre de 2018, el Sr. Fernando Pérez Quiles (recurrido) presentó ante el Tribunal de Primera Instancia una Demanda sobre interdicto posesorio, preliminar y permanente en contra del Sr. Joseph Santiago Cintrón (peticionario).[1] Al día siguiente, el recurrido presentó una *Moción Informativa* acompañada del emplazamiento con las correcciones de las deficiencias previamente señaladas por la Secretaría del tribunal de instancia. Así las cosas, el 30 de octubre de 2018 (ocho días después de la presentación de la demanda) la Secretaría del foro de instancia expidió el emplazamiento y el 25 de febrero de 2019 el peticionario fue emplazado personalmente.

Por su parte, el peticionario presentó una *Moción solicitando desestimación al amparo de las Reglas 4.3 (c) y 10.2 (4) de las de Procedimiento Civil*. En resumen, alegó que el diligenciamiento del emplazamiento fue realizado fuera del término de 120 días contados a partir de la presentación de la demanda y que, a su vez, el recurrido no había solicitado una prórroga para diligenciarlo fuera del término. Por consiguiente, el peticionario adujo que procedía desestimar la demanda.

En respuesta, el recurrido presentó una *Moción en oposición a solicitud de desestimación*. Mediante esta, el recurrido arguyó que el diligenciamiento del

---

[1] En resumen, el Sr. Fernando Pérez Quiles (recurrido) alegó que el Sr. Joseph Santiago Cintrón (peticionario) le impedía el acceso a su propiedad inmueble.

emplazamiento fue realizado dentro del término de 120 días dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra*. En específico, argumentó que como el emplazamiento fue expedido por la Secretaría del foro de instancia el 30 de octubre de 2018 y diligenciado el 25 de febrero de 2019, el mismo se efectuó en el día 118, o sea, de forma oportuna.

Luego de evaluar los planteamientos de ambas partes, el Tribunal de Primera Instancia declaró "no ha lugar" a la *Moción solicitando desestimación al amparo de las Reglas 4.3 (c) y 10.2 (4) de las de Procedimiento Civil*. En consecuencia, le ordenó contestar la demanda al peticionario.[2]

En desacuerdo, el peticionario presentó una *Moción de reconsideración* la cual fue declarada "ha lugar" y, por consiguiente, el foro de instancia desestimó la demanda. Ello, tras concluir que el emplazamiento "fue diligenciado transcurrido en exceso el término dispuesto en las Reglas de Procedimiento Civil vigentes en cuanto a emplazamiento".[3]

Inconforme, el recurrido acudió ante el Tribunal de Apelaciones y señaló que el foro de instancia erró al ordenar la desestimación de la demanda, tras determinar que el emplazamiento fue diligenciado luego del término establecido. En respuesta, el Tribunal de Apelaciones revocó al tribunal de instancia. En particular, el Tribunal de Apelaciones concluyó lo siguiente:

---

[2] Resolución, Apéndice de la Petición de *certiorari*, pág. 32.

[3] Sentencia, Apéndice de la Petición de *certiorari*, págs. 18-20.

> En el caso de autos, la *Demanda* fue presentada el 22 de octubre de 2018. Al siguiente día, 23 de octubre de 2018, el apelante [recurrido] instó una *Moción Informativa* en la cual solicitó la expedición de los emplazamientos, que finalmente fueron expedidos el 30 de octubre de 2018. De acuerdo con el marco jurídico antes expuesto, a partir de ese momento, 30 de octubre de 2019, el apelante [recurrido] tenía 120 días para emplazar al apelado [peticionario]. Una revisión cuidadosa del expediente ante nuestra consideración, con especial atención a la fecha de emplazamiento, 25 de febrero de 2019, hace forzosa la conclusión de que el apelado [peticionario] fue emplazado dentro del término de 120 días que exige nuestro ordenamiento jurídico. Al lograr emplazar al apelado [peticionario] personalmente dentro del término de ciento veinte (120) días, la *Demanda* no debió ser archivada. Por consiguiente, incidió el foro primario al archivar la *Demanda* sin perjuicio, y así pues, procede la revocación del dictamen apelado.[4]

Ahora bien, contrario a lo señalado por el foro apelativo intermedio, lo presentado por la parte demandante ante el tribunal de primera instancia no fue una moción solicitando la expedición de los emplazamientos, sino una moción para subsanar unas deficiencias que previamente le había notificado a la parte la Secretaría del tribunal de instancia.[5] En desacuerdo, el peticionario acudió ante este Foro mediante la presentación de una Petición de *certiorari* y alega que el Tribunal de Apelaciones erró al concluir que fue emplazado oportunamente, ello, a pesar de que el recurrido no solicitó ante el foro de instancia "una prórroga para emplazar". Planteada la controversia, estamos listos para resolver.

---

[4] Sentencia, Apéndice de la Petición de *certiorari*, pág. 7.

[5] Lo anterior, según surge de la Sentencia del Tribunal de Apelaciones.

II

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado.[6] Es decir, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial".[7] Así, una vez emplazado, el demandado podrá comparecer al juicio, ejercer su derecho a ser oído y presentar prueba a su favor.[8] Por ello, a los demandados les asiste el derecho de ser emplazados conforme a derecho.[9] Consecuentemente, se requiere el cumplimiento con las disposiciones de la Regla 4 de Procedimiento Civil de 2009, 32 LPRA Ap. V, pues esta viabiliza el emplazamiento.

En lo pertinente, la Regla 4.3 (c), supra, dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. **Si el Secretario o Secretaria no los expide el mismo día, <u>el tiempo que se demore será el mismo tiempo adicional que los</u>**

---

[6] Véanse Cirino González v. Adm. Corrección, 190 DPR 14, 30 (2014); Banco Popular v. SLG Negrón, 164 DPR 855, 863 (2005), First Bank of PR v. Inmob Nac., Inc., 144 DPR 901, 913 (1998).

[7] Acosta v. ABC, Inc., 142 DPR 927, 931 (1997).

[8] Banco Popular v. SLG Negrón, 164 DPR 855, 863 (2005).

[9] Sánchez Rivera v. Malavé Rivera, 192 DPR 854, 869 (2015).

**tribunales otorgarán para diligenciar los emplazamientos** una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro).

En el caso de <u>Bernier González v. Rodríguez Becerra</u>, supra, pautamos que la "moción de prórroga" a la que alude la Regla 4.3 (c) de Procedimiento Civil, *supra*, no se refiere a una solicitud para ampliar del término de 120 días como tal.[10]

Posteriormente, en el caso de <u>Sánchez Ruiz v. Higuera Pérez</u>, supra, tuvimos la oportunidad de resolver qué ocurre con el término de 120 días para emplazar, cuando el demandante solicita inicialmente emplazar personalmente, pero luego requiere la autorización del tribunal para emplazar mediante edictos. Allí pautamos que, en esa circunstancia, el término de 120 días para emplazar comienza a trascurrir cuando se autoriza y se expide el emplazamiento por edicto.

Además, y en lo pertinente al caso ante nuestra consideración, allí aclaramos que el término de 120 días para emplazar **"comienza a transcurrir únicamente en el momento que la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante"**. A su

---

[10] <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637, 650 (2018); <u>Sánchez Ruiz v. Higuera Pérez</u>, 2020 TSPR 11, 203 DPR __ pág. 11 (2020).

vez, en el caso de <u>Sánchez Ruiz v. Higuera Pérez</u>, supra, reiteramos que:

> [L]a mal denominada prórroga estatuida en la Regla 4.3 (c), *supra*, es realmente una solicitud por parte del demandante para que la Secretaría expida los emplazamientos **en los casos en que exista un retraso irrazonable** en la expedición de éstos. Lo anterior, con el propósito de que el demandante advierta al tribunal de tal retraso y evidencie que no se cruzó de brazos.[11] (Énfasis nuestro).

Nótese entonces, que en <u>Sánchez Ruiz v. Higuera Pérez</u>, supra, y con relación a la "prórroga" estatuida en la R. 4. 3 (c), supra, señalamos tres aspectos que nos es menester recalcar. En primer lugar, allí reiteramos que esta expresión es realmente una solicitud para que la Secretaría expida los emplazamientos. En segundo lugar, condicionamos el uso de la referida solicitud a "**los casos en que exista un retraso irrazonable**". Acorde a lo anterior y, en tercer lugar, reiteramos que el propósito de la solicitud estriba en que, ante un **retraso irrazonable** por parte de la Secretaría de tribunal de instancia en la expedición de los emplazamientos, la parte demandante evidenciara que no se cruzó de brazos.[12]

III

---

[11] <u>Sánchez Ruiz v. Higuera Pérez</u>, 2020 TSPR 11, 203 DPR __ pág. 11 (2020).

[12] Ni en <u>Bernier González v. Rodríguez Becerra</u>, supra, ni en <u>Sánchez Ruiz v. Higuera Pérez</u>, supra, estuvimos ante la situación de un **retraso irrazonable** en la expedición de los emplazamientos por parte de la Secretaría. Por lo tanto, no adelantamos qué consecuencias, si alguna, pudiera tener el que un demandante se cruce de brazos en esas circunstancias. Este caso tampoco nos brinda esa oportunidad.

Como mencionáramos, el peticionario plantea que el Tribunal de Apelaciones erró al determinar que el emplazamiento fue diligenciado dentro del término de 120 días, debido a que el recurrido no presentó ante el Tribunal de Primera Instancia una moción de prórroga. No le asiste la razón. Veamos.

Es importante tener presente que nuestras expresiones en Bernier González v. Rodríguez Becerra, supra, pág. 650, con relación a la "moción de prórroga" que menciona la Regla 4.3 (c) fueron formuladas con el propósito de armonizar esa expresión con el resto del texto, que claramente contradice la definición de lo que constituye una prórroga en sí. En particular, el texto de la Regla 4.3 (c) señala que "[s]i el Secretario o Secretaria no los expide el mismo día, **el tiempo que se demore <u>será el mismo tiempo adicional</u> que los tribunales otorgarán para diligenciar los emplazamientos** una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga". Entonces, en Bernier González v. Rodríguez Becerra, supra, explicamos que, si no se ha de otorgar tiempo adicional porque lo que señala la Regla 4.3 (c) en realidad es que no se le reste (injustamente) el tiempo que tardó la Secretaría en expedirlos, pues, por consiguiente, de lo que habla la Regla 4.3 (c) no puede ser de una prórroga. Nótese que, mientras la Secretaría no expida el emplazamiento, la parte demandante no tiene

nada que diligenciar. En consecuencia, sería improcedente descontarle tiempo alguno.

De no haberse interpretado como se hizo, el texto de la Regla 4.3 (c) resultaba contradictorio porque aludía a una "solicitud de prórroga", la cual por definición conlleva la dilatación de un término que ya está transcurriendo y con el cual no se va a poder cumplir, mientras que la propia Regla 4.3 (c) reconoce que el término comenzará a transcurrir cuando se expidan los emplazamientos.

Así, en Bernier González v. Rodríguez Becerra, supra, no solo armonizamos el texto de la Regla 4.3 (c), sino que también establecimos que el demandante no puede cruzarse de brazos ante una demora irrazonable de la Secretaría a la hora de expedir los emplazamientos. Por ello, allí señalamos que "los demandantes no pueden cruzarse de brazos y dejar que transcurra un periodo irrazonable para presentar la moción".[13]

En contexto con lo anterior, en Sánchez Ruiz v. Higuera Pérez, supra, señalamos que el término de 120 días para emplazar comienza a transcurrir cuando la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante.

Así, queda claro que, si la Secretaría del tribunal no expide los emplazamientos el mismo día en que se presenta una demanda, pero luego *motu proprio* si los

---

[13] Bernier González v. Rodríguez Becerra, supra, pág. 650.

expide, el término de 120 días para diligenciar comenzará a transcurrir desde la expedición.

Nótese que en el caso de Bernier González v. Rodríguez Becerra, supra, no pautamos que ante la ausencia de una moción solicitándole a la Secretaría que expida los emplazamientos tuviera el efecto de provocar que el término de 120 días comenzara a decursar desde la presentación de la demanda. Reiteramos que sin la expedición de los emplazamientos el demandante no tiene nada que diligenciar.

Establecer que en aquellos casos en que la Secretaría del foro de instancia no haya expedido los emplazamientos al momento de la presentación de la demanda, el demandante deberá, para poder preservar para sí íntegramente los 120 días que le concede la Regla, haber cumplido con presentar una moción solicitando que se expidan los emplazamientos, no solamente no se ajusta a la manera en que hemos interpretado ese texto, sino que tiene un alto riesgo de provocar una situación injusta y que choca con la intención del estatuto. Nos explicamos.

Ante el escenario en que la Secretaría del tribunal de instancia no expida los emplazamientos el mismo día en que se presentó la demanda, sino por ejemplo 3 días después, la parte demandante no contará con el término de 120 días para emplazar expresamente estatuidos por el Legislador en la Regla 4.3 (c), sino con 117. Ello, por el mero hecho de que la Secretaría expidió los

emplazamientos luego de la presentación de la demanda, pero antes de que probablemente la parte demandante haya tenido el tiempo de "cumplir" con el requisito de presentar la moción solicitando que se expidan los emplazamientos.

En otras palabras, si la parte tiene la suerte de que la Secretaría le expida los emplazamientos el mismo día, esta contará con los 120 días que establece la Regla 4.3 (c). Sin embargo, si no se los expiden el mismo día, pero sí en un tiempo lo suficientemente corto como para que al abogado de la parte demandante no le dé tiempo a presentar la moción, entonces esos días, ya sean -por ejemplo- uno, dos, tres, cuatro o cinco, habría que descontárselos de los 120 días que la Regla 4.3 (c) le provee. Por consiguiente, lo anterior provocaría que, como una práctica sabia, segura, en el mejor beneficio de sus clientes y como única manera para que una parte pueda preservar de forma íntegra los 120 días que le otorga la Regla 4.3 (c), los abogados al acudir a la Secretaría a presentar las causas de acción junto con los emplazamientos tendrían que llevar consigo también una moción para que Secretaría expida los emplazamientos ante la posible y especulativa tardanza en la expedición de estos. Ello, no solo inundaría nuestras secretarías de mociones solicitando que se expidan los emplazamientos con cada causa de acción que se presente, sino que constituye un gasto y esfuerzo adicional innecesario pues, como ya implicamos, tal moción solo se justifica en

el escenario de una tardanza irrazonable en la expedición de los emplazamientos.

Con el marco de referencia antes expuesto, vemos que surge del expediente que el recurrido presentó la demanda el 22 de octubre de 2018 y no fue hasta el 30 de octubre que la Secretaría del tribunal expidió el emplazamiento para que pudiera ser diligenciado por el recurrido. Una vez el recurrido obtuvo el emplazamiento expedido por la Secretaría, procedió a diligenciarlo logrando emplazar personalmente al peticionario el 25 de febrero de 2019. Esto es, 118 días después de que Secretaría expidiera y viabilizara el diligenciamiento del emplazamiento. En consecuencia, el emplazamiento fue oportuno.

Por todo lo antes expuesto, resolvemos que -ante el escenario particular en que la Secretaría del tribunal no expide los emplazamientos el mismo día en que se presentó la demanda, pero luego *motu proprio* los expide- el término de 120 días para emplazar comenzará a transcurrir cuando la Secretaría los expida.

IV

Por todo lo anterior, expedimos el auto de *certiorari,* confirmamos -por otros fundamentos- la sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que actúe de conformidad con lo aquí resuelto.

Se dictará sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Fernando Pérez Quiles

    Recurrido

        v.               **CC-2020-0003**     Certiorari

Joseph Santiago Cintrón

    Peticionario

*SENTENCIA*

En San Juan, Puerto Rico, a 26 de febrero de 2021

       Por todo lo anterior, expedimos el auto de *certiorari,* confirmamos -por otros fundamentos- la sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que actúe de conformidad con lo aquí resuelto.

       Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita. El Juez Asociado señor Rivera García concurre con el resultado de la Opinión en el recurso de título por los fundamentos enunciados en la Opinión Disidente en el caso <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637 (2018).

                        José Ignacio Campos Pérez
                    Secretario del Tribunal Supremo